Filed 5/9/23  P. v. Gibbs CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B322585 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA024954) |
| v. | |
| CLARENCE GIBBS, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Clarence Gibbs appeals from the denial of his petition for resentencing under Penal Code section 1172.6 (former section 1170.95),[1] which allows defendants convicted of felony murder under superannuated legal standards

---

[1]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

All further statutory references are to the Penal Code unless otherwise indicated.

to seek resentencing relief. Defendant's appointed counsel filed a no merit brief, and, pursuant to the procedures outlined by our Supreme Court in *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 (*Delgadillo*), we reviewed the arguments defendant raised in his supplemental letter brief. Finding none of these arguments persuasive, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

## I.    Conviction and Sentencing

In 2003, a jury convicted defendant of attempted first degree murder (§§ 187, subd. (a); 664). The jury found true, among other allegations, that defendant personally and intentionally discharged a firearm that proximately caused bodily injury (§ 12022.53, subds. (b), (c), (d)). The trial court sentenced defendant to life with the possibility of parole for the attempted murder, plus 25 years for the firearm allegation. On direct appeal, we affirmed the conviction. (See *People v. Gibbs* (Sept. 9, 2004, B170437) [nonpub. opn.].)

## II.    Section 1172.6 Petition

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Sen. Bill 1437) in order to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Sen. Bill 1437 also added section 1172.6, subdivision (a), creating a procedure whereby a person convicted of, as relevant here, "attempted murder under the natural and probable consequences doctrine," but who could not now be convicted, can

2

petition to have his conviction vacated and to be resentenced. (Stats. 2018, ch. 1015, § 4.)

On February 7, 2022, defendant filed a petition for resentencing under section 1172.6. He also requested appointment of counsel.[2]

On July 13, 2022, the trial court denied defendant's resentencing petition, ruling that he had not established a prima facie case for relief. The court explained that the jury had not been instructed on any theory of vicarious liability, including the natural and probable consequences doctrine. Accordingly, in finding defendant guilty of attempted first degree murder, the jury necessarily found that defendant "was the actual [attempted] killer" and that he "ha[d] [formed] the intent to kill."

This appeal timely followed. Defendant's appointed counsel filed a brief raising no issues and asking this court to exercise its discretion to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

On February 2, 2023, we sent a notice to defendant inviting him to "submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that [defendant] wishes this court to consider," and advising that "[i]f no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned." On March 20, 2023, defendant filed a letter brief signed and dated on March 2, 2023.

## DISCUSSION

We decline counsel's request to exercise our discretion to undertake an independent review of the record. Instead, per

---

[2] While the record does not contain an order appointing counsel, it does show that defendant was represented by appointed counsel in all future proceedings.

3

*Delgadillo*, we limit our review to any arguments raised by defendant. (*Delgadillo, supra,* 14 Cal.5th at p. 232 ["If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. . . . If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned"].)

Although defendant's letter brief was not filed with this court until March 20, 2023, it is dated March 2, 2023. We will thus assume that his brief is timely.

Defendant presents us with four arguments. <u>First</u>, he restates the grounds for his section 1172.6 petition and asks us to render a new and independent judgment on its merits.[3] But, as an appellate court, "[o]ur job on review is different from the trial judge's job in deciding the petition. While the trial judge must review all the relevant evidence, evaluate and resolve contradictions, and make determinations as to credibility, all under the reasonable doubt standard, our job is to determine whether there is any substantial evidence, contradicted or uncontradicted, to support a rational fact finder's findings beyond a reasonable doubt." (*People v. Clements* (2022) 75 Cal.App.5th 276, 298.)

<u>Second</u>, defendant argues that the trial court should not have denied his petition on the grounds that the jury was not instructed on the natural or probable consequences doctrine, because section 1172.6 allows relief if the prosecution could have proceeded on other theories of vicarious liability. This argument

---

[3] Defendant also asks that we appoint him with counsel. We note that he has been appointed counsel both before the trial court and on appeal.

4

misreads section 1172.6, which only affords resentencing relief to defendants whose convictions were obtained under theories of vicarious liability invalidated by Sen. Bill 1437 unless accompanied by findings of personal intent—namely, the natural and probable consequences doctrine and the felony-murder doctrine. (§ 1172.6, subd. (a).) In defendant's case, the trial court found that the jury had not been instructed on any now-invalidated doctrine, and thus must have found that defendant was the "actual [attempted] killer" and that he "ha[d] the intent to kill." On this record, defendant still could be convicted of attempted murder notwithstanding the legislative amendments made by Sen. Bill 1437. Accordingly, the trial court properly determined that defendant is ineligible for resentencing relief. (§ 1172.6, subd. (a)(3) [to establish a prima facie case for resentencing, a defendant must show that he "could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019"].)

Third, defendant contends that the trial court should have dismissed the firearm sentencing enhancement pursuant to section 1385, subdivision (c). We disagree. Unlike section 1172.6, section 1385 does not establish a mechanism to reopen sentencing proceedings. Instead, it merely provides the trial court with a list of considerations to apply whenever it sentences a defendant. (§ 1385, subd. (c).) Because the trial court properly ruled that defendant was not entitled to resentencing under section 1172.6, it had no occasion to apply the provisions of section 1385.

Lastly, defendant argues that he is entitled to the mandatory presumption favoring recall of his sentence and

5

resentencing under section 1172.1 (former section 1170.03).[4] Again, we disagree.  Because more than 120 days have passed since defendant's sentence originally issued, the presumption in section 1172.1 can only be triggered by the recommendation of the California Department of Corrections and Rehabilitation (CDCR) or the Board of Parole Hearings (the Board).  (§ 1172.1, subd. (a)(1).)  In defendant's case, neither CDCR nor the Board has recommended that his sentence be recalled for resentencing.  Therefore, the mandatory presumption in favor of resentencing does not apply.  If either entity issues such a recommendation in the future, defendant will be entitled to the benefit of section 1172.1 at that time.

### DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____

LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.

---

[4]     Effective June 30, 2022, section 1170.03 was renumbered section 1172.1, with no change in text.  (Stats. 2022, ch. 58, § 9.)  For simplicity, we refer to the section by its new numbering.